IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES W. HOFFMAN and
TERRY SUSAN HOFFMAN, his wife,

        Plaintiffs,

v.                               CIVIL ACTION NO. 2:05-cv-00418

MONSANTO COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Union Carbide Corporation's ("UCC") Motion for Summary Judgment [Docket 40]. The plaintiff did not respond.

UCC claims that it is entitled to Summary Judgment because the plaintiffs did not respond to requests for admissions within the 30 day period as provided by Rule 36(a) of the Federal Rules of Civil Procedure. UCC also extended the deadline to respond in a letter by providing the plaintiffs 10 extra days to respond to the request for admissions after informing the plaintiff that the time period provided by Rule 36(a) had expired.[1] Pursuant to Rule 36, the admissions are deemed admitted if the party fails to respond to the request for admissions. The following requests for admissions were sent to the plaintiffs and are thus deemed admitted:

    1. No act or omission of UCC caused or contributed to Your Injuries.

---

[1] In UCC's letter, UCC's counsel also referred to a prior conversation in which plaintiff's counsel indicated he would be willing to dismiss UCC from the action.

2. No exposure to any product manufactured, designed, distributed, or sold by UCC caused or contributed to your injuries.

3. You are aware of no facts showing or tending to show that you were exposed to any trichloroethylene manufactured, designed, distributed, or sold by UCC.

4. You are aware of no facts showing or tending to show that you were exposed to any clenzolene manufactured, designed, distributed, or sold by UCC.

5. You are aware of no facts showing or tending to show that you were exposed to any creosote manufactured, designed, distributed, or sold by UCC.

6. You are aware of no facts showing or tending to show that you were exposed to any hydrochloric acid manufactured, designed, distributed, or sold by UCC.

7. You are aware of no facts showing or tending to show that you were exposed to any xylene manufactured, designed, distributed, or sold by UCC.

8. You are aware of no facts showing or tending to show that you were exposed to any morpholene manufactured, designed, distributed or sold by UCC.

9. You are aware of no facts showing or tending to show that any exposure to butyraldehyde caused or contributed to your injuries.

10. You are aware of no facts showing or tending to show that you were exposed to any chemicals manufactured, designed, distributed, or sold by UCC.

11. Butralldehyde did not cause or contribute to your injuries.

12. You know of no person who can quantitatively describe the degree or dose of your alleged exposure to butraldehyde.

13. You know of no person who can quantitatively describe the degree or dose of your alleged exposure to trichloroethylene.

14. The degree or dose of your alleged butyraldehyde exposure did not exceed any occupational exposure limits at the time of such exposure.

15. You were not exposed to any trichloroethylene manufactured designed, distributed, or sold by UCC.

16. You know of no person who holds or purports to hold the scientific opinion that butyraldehyde caused or contributed to your injuries.

The plaintiffs sued UCC for negligence, breach of warranty, strict liability and loss of consortium. The above facts, which are deemed admitted, conclusively demonstrate that no genuine issue of material fact exists that would entitle plaintiffs to recover against UCC under the theories of negligence, breach of warranty, strict liability and loss of consortium. The plaintiffs have been provided more than enough time to respond to the requests for admissions. Moreover, the plaintiffs have failed to respond to the summary judgment motion based on the admissions. "Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner v. Borden*, 110 F.R.D. 696, 697 (S.D. W. Va. 1986). Accordingly, the court **GRANTS** UCC's motion for Summary Judgment and **DISMISSES** UCC from the action. The court also **DENIES** as moot UCC's motion for a hearing [Docket 41].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     April 7, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE