**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES W. HOFFMAN and
TERRY SUSAN HOFFMAN, his wife,

        Plaintiffs,

v.                              CIVIL ACTION NO. 2:05-cv-00418

MONSANTO COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Ashland Oil, Inc's ("Ashland"), ExxonMobil Corporation, f/k/a Humble Oil & Refining Corporation's ("ExxonMobil"), and Huntsman Petrochemical Corporation's ("HPC") Motion for Summary Judgment [Docket 50].[1] The plaintiff did not respond.

The defendants claim that Summary Judgment is warranted because the plaintiffs did not respond to requests for admissions within the 30 day period as provided by Rule 36(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 36, the admissions are deemed admitted if the party fails to respond to the request for admissions. The following requests for admissions were sent to the plaintiffs from each defendant:

    1. No act or omission of the defendants caused or contributed to Your Injuries.

---

[1] While the court recognizes that defendants exist in this action other than the ones currently seeking summary judgment, for purposes of this order, the use of "the defendants" only applies to Ashland, ExxonMobil and HPC.

2.  No exposure to any product manufactured, designed, distributed, or sold by the defendants caused or contributed to your injuries.

3.  You are aware of no facts showing or tending to show that you were exposed to any trichloroethylene manufactured, designed, distributed, or sold by the defendants.

4.  You are aware of no facts showing or tending to show that you were exposed to any clenzolene manufactured, designed, distributed, or sold by the defendants.

5.  You are aware of no facts showing or tending to show that you were exposed to any creosote manufactured, designed, distributed, or sold by the defendants.

6.  You are aware of no facts showing or tending to show that you were exposed to any hydrochloric acid manufactured, designed, distributed, or sold by the defendants.

7.  You are aware of no facts showing or tending to show that you were exposed to any xylene manufactured, designed, distributed, or sold by the defendants.

8.  You are aware of no facts showing or tending to show that you were exposed to any morpholene manufactured, designed, distributed or sold by the defendants.

9.  You are aware of no facts showing or tending to show that any exposure to butyraldehyde caused or contributed to your injuries.

10.  You are aware of no facts showing or tending to show that you were exposed to any chemicals manufactured, designed, distributed, or sold by the defendants.

The plaintiffs did not respond to any of the requests for admissions.

The plaintiffs sued the defendants for negligence, breach of warranty, strict liability and loss of consortium.  The above facts, which are deemed admitted, conclusively demonstrate that no genuine issue of material fact exists that would entitle plaintiffs to recover against the defendants

under the theories of negligence, breach of warranty, strict liability and loss of consortium. The plaintiffs have been provided more than enough time to respond to the requests for admissions. Moreover, the plaintiffs have failed to respond to the summary judgment motion based on the admissions. "Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner v. Borden*, 110 F.R.D. 696, 697 (S.D. W. Va. 1986). Accordingly, the court **GRANTS** the defendant's motion for Summary Judgment and **DISMISSES** Ashland, ExxonMobil, and HPC from the action. The court also **DENIES** as moot UCC's motion for a hearing [Docket 52].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    July 20. 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE